IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/03/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

ALLAN ERAZO JIMINEZ,

Petitioner,

v.

MISTY MACKEY, Warden, Midwest Regional Reception Center, TODD M. LYONS, ICE Acting Director; MARKWAYNE MULLIN, DHS Secretary; and UNITED STATES ATTORNEY GENERAL,

Respondents.

Case No. 26-3161-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenged his detention by immigration officials. By Memorandum and Order of July 6, 2026, the Court concluded that petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a), and it ordered respondents to ensure that petitioner received such a hearing by July 20, 2026; but the Court denied petitioner's claim seeking his outright release. Respondents subsequently filed a notice stating that petitioner had received a bond hearing on July 16, 2026. On July 24, 2026, petitioner filed a document that the Court construed as a motion to enforce and for reconsideration (Doc. # 8), and the Court set response and reply deadlines for the motion. Respondents filed a response brief, and the deadline for a reply brief from petitioner has passed; therefore, the motion is ripe for ruling. For the reasons set forth below, the motion is **granted in part and denied in part**. The

Court orders respondents to ensure that petitioner receives a *de novo* bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **September 21, 2026**, and that he is given actual notice of the scheduled hearing date at least five calendar days in advance; and they are further ordered to provide notice to this Court when such relief has been given. The motion is otherwise denied.

Petitioner argues that he did not receive a bond hearing in compliance with the Court's order because he was not given any advance notice of the July 16 hearing and thus he had no opportunity to gather evidence to submit at that hearing. Significantly, the immigration judge (IJ) cited a lack of such evidence from petitioner in denying release on bond. Respondents concede that there is no record of any service on petitioner of notice of the scheduled bond hearing, and thus respondents cannot dispute petitioner's claim that he received no advance notice of the hearing. Seemingly because of that lack of notice, respondents state that the Government would not oppose granting petitioner a new bond hearing before the IJ – assuming this Court concludes that such a lack of notice raises an issue of compliance with its order. The Court does so conclude, as it intended by its order to provide meaningful relief to petitioner, in the form of a meaningful opportunity to request release on bond, and the lack of any advance notice to petitioner compromised that opportunity. For that reason, the Court also rejects respondents' argument that petitioner should be required first to complete an administrative appeal of the bond denial.

Accordingly, the Court grants the motion in part, and it orders respondents to ensure that petitioner receives another bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **September 21, 2026**, and that he is given actual notice of the scheduled hearing date at

least five calendar days in advance. In addition, the hearing must be conducted *de novo*, in the sense that the immigration judge should not require a showing of changed circumstances since the first hearing, which showing would ordinarily be required in a subsequent custody redetermination. *See* 8 C.F.R. § 1003.19(e).

Petitioner also appears to reassert in the motion his argument from the petition that his detention has become unreasonably prolonged in violation of due process. The Court denies any request, however, for reconsideration of its denial of petitioner's claim for outright release. Petitioner has not cited any authority to support such a claim of a due process violation despite the fact that an individualized bond determination is now available to him. Indeed, in cases in which this Court has determined that an immigration detention has become unreasonably prolonged, it has ordered a bond hearing as relief, *see, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026) (Lungstrum, J.); but such relief is already available to petitioner, and he has not shown that he is entitled to outright release. Nor has petitioner shown that his detention no longer serves the legitimate purpose of securing his removal. The Court therefore denies petitioner's motion to the extent that he seeks additional relief beyond that already ordered by the Court.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion to enforce and for reconsideration (Doc. # 8) is hereby **granted in part and denied in part**, as set forth herein. The Court orders respondents to ensure that petitioner receives a *de novo* bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **September 21, 2026**, and that he is given actual notice of the scheduled hearing date at least five calendar days in

advance; and they are further ordered to provide notice to this Court when such relief has been given. The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 3rd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge