IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
11/10/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

ALLAN ERAZO JIMINEZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center,
TODD M. LYONS, ICE Acting Director;
MARKWAYNE MULLIN, DHS Secretary; and
UNITED STATES ATTORNEY GENERAL,

Respondents.

Case No. 26-3161-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenged his detention by immigration officials. By Memorandum and Order of July 6, 2026, the Court ordered respondents to ensure that petitioner receive a bond hearing, but it denied petitioner's request for release based on his claim that his detention had become unreasonably prolonged in violation of due process. Subsequently, by Memorandum and Order of September 3, 2026, the Court ordered respondents to ensure that petitioner receive a new bond hearing with sufficient notice, but it denied petitioner's motion for reconsideration, as follows:

> Petitioner also appears to reassert in the motion his argument from the petition that his detention has become unreasonably prolonged in violation of due process. The Court denies any request, however, for reconsideration of its denial of petitioner's claim for outright release. Petitioner has not cited any authority to support such a claim of a due process violation despite the fact that an individualized bond determination is now available to him.

> Indeed, in cases in which this Court has determined that an immigration detention has become unreasonably prolonged, it has ordered a bond hearing as relief, *see, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026) (Lungstrum, J.); but such relief is already available to petitioner, and he has not shown that he is entitled to outright release. Nor has petitioner shown that his detention no longer serves the legitimate purpose of securing his removal. The Court therefore denies petitioner's motion to the extent that he seeks additional relief beyond that already ordered by the Court.

Petitioner has now filed a motion in this action in which he again argues that his continued detention has become unreasonably prolonged in violation of due process (Doc. # 13). The Court has already denied reconsideration of that claim; and petitioner has not raised new arguments or cited relevant authority supporting the claim. Accordingly, the Court **denies** the motion. If petitioner wishes to assert the same claim based on changed circumstances (for instance, if significant additional time passes), he should do so by filing a new habeas action on the proper form.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion to enforce and for reconsideration (Doc. # 13) is hereby **denied**.

IT IS SO ORDERED.

Dated this 10th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge